IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CADEN D., by and through his Parents, William D. and Danielle D., of Media, PA,<br><br>   Plaintiffs<br>v.<br><br>ROSE TREE MEDIA SCHOOL DISTRICT<br>308 North Olive Street<br>Media, PA  19063,<br><br>   Defendant | :<br>:<br>:<br>: Civil Action<br>:<br>: No.<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

**COMPLAINT**

I. **Preliminary Statement**

  1. Plaintiffs, Caden D., a minor child with disabilities, and his Parents, William and Danielle D. (collectively referred to as "Plaintiffs" or the "Family"), file this Complaint seeking reasonable attorneys' fees and costs as prevailing parties pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1415(i)(3)(B); 34 C.F.R. 300.517; and Section 504 of the Rehabilitation Act of 1973 ("Section 504"), 29 U.S.C. § 794.

II. **Parties**

  2. Plaintiff Caden D. is a student with disabilities as defined by the IDEA.

  3. Caden was born in 2003, is an eleventh-grader, and was at all relevant times a resident of the Rose Tree Media School District. William and Danielle are Caden's parents. At all relevant times they have resided with him in the Rose Tree Media School District.

  4. Defendant Rose Tree Media School District (the "Defendant" or the "District") is located at 308 North Olive Street, Media, Pennsylvania. The District is the recipient of several sources of federal funds and is an educational agency designated by Pennsylvania law and the

Pennsylvania Department of Education for the provision of educational services to individuals residing within its boundaries; such services include those mandated under IDEA as well as Pennsylvania's statutory/regulatory scheme concerning young children with disabilities. 11 P.S. § 875-101; 22 Pa. Code §§ 14.131 to 14.133; see also, e.g., 24 P.S. Chapter 13; and 22 Pa. Code Chapters 14 and 15.

### III. Jurisdiction and Venue

5. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because this case raises federal questions under IDEA.

6. Plaintiffs have exhausted their administrative remedies where required under 20 U.S.C. § 1415(i), having timely pursued a Special Education Due Process Hearing.

7. The Family's claims and remedies are authorized by 20 U.S.C. § 1415(i)(3)(B), and 28 U.S.C. §§ 2201, 2202, providing for declaratory and any further relief deemed necessary and proper.

8. All of the Defendant's actions complained of herein have taken place within the jurisdiction of the United States District Court for the Eastern District of Pennsylvania. Venue is appropriate in this District pursuant to 28 U.S.C. § 1391.

### IV. Statement of Claim

9. Caden is a student who resides in the District. In the fall of 2017, believing that the District had failed to appropriately evaluate Caden and to provide appropriate special education and related services to him, denying him a FAPE, the Parents unilaterally placed Caden at a private school for persons with similar learning disabilities. On November 8, 2018, the Parents, on his behalf, instituted a due process hearing via a Due Process Complaint, seeking reimbursement for tuition and related costs for Caden's placement for the 2018-19 school year at

that specialized school. Caden D. v. Rose Tree Media School District, Pa. ODR No. 21422-18-19.

10. Following an evidentiary hearing held in three sessions, Hearing Officer Charles W. Jelley, Esquire, granted relief to the Family in a final written decision dated July 9, 2019, concluding that the Family was entitled to tuition reimbursement for the 2018-19 school year, as requested.

11. The Family files this matter seeking an award of attorneys' fees and costs as the prevailing parties under IDEA, pursuant to that statute's fee-shifting provisions. 20 U.S.C. § 1415(i)(3)(B); 34 C.F.R. § 300.517.

## V.  Statutory Authority

12. The IDEA permits recovery of reasonable attorneys' fees by parents who prevail in an action or proceeding thereunder. 20 U.S.C. § 1415(i)(3)(B); 34 C.F.R. § 330.517.

13. Plaintiffs are the prevailing parties below, having obtained significant substantive relief in the Due Process proceedings – an award of tuition reimbursement. Therefore, Plaintiffs are entitled to an award of statutory attorneys' fees and costs as the prevailing parties.

14. A party entitled to an award of attorneys' fees is also entitled to reimbursement for the time spent litigating its entitlement to attorneys' fees. Planned Parenthood of Central New Jersey v. Attorney General of the State of New Jersey, 297 F.3d 253, 268 (3d. Cir. 2002) (citing Prandini v. National Tea Co., 585 F.2d 47, 53 (3d Cir.1978)).

**WHEREFORE**, the Plaintiffs respectfully request that this Court:

1. Assume jurisdiction over this action;

2. Hear additional evidence as appropriate pursuant to 20 U.S.C. § 1415(i)(2)(C)(ii).

3. Award Plaintiffs reasonable attorneys' fees and costs for both the Due Process proceedings and the present action; and

4. Grant such other relief as this Court deems proper.

Respectfully submitted,

_____
Dennis C. McAndrews, Esquire
ID No. 28012

_____
John W. Goldsborough, Esquire
ID No. #73063

_____
Michael J. Connolly, Esquire
ID No. 82065

McANDREWS, MEHALICK, CONNOLLY,
HULSE, RYAN AND MALONE P.C.
30 Cassatt Avenue
Berwyn, PA
(610) 648-9300 (phone)
(610) 648-0433 (fax)

Attorneys for Plaintiffs